# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-70011

GEORGE E. MCFARLAND,

> Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

> Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-3916

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:*

George McFarland moves for a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 petition challenging his sentence for capital murder. McFarland was convicted and sentenced to death for the 1991 murder of Kenneth Kwan.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2020

Lyle W. Cayce
Clerk

No. 19-70011

A state prisoner whose petition for a writ of habeas corpus is denied by the district court does not have an absolute right to appeal and must first secure a COA.[1] A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[2] Consideration of an application for a COA "is not coextensive with a merits analysis" and the "only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"[3] Our examination is limited at this stage "'to a threshold inquiry into the underlying merit of [the] claims' and [we] ask 'only if the District Court's decision was debatable.'"[4]

In his application, McFarland raises four issues. First, McFarland claims that his trial counsel's persistent sleeping during trial meant he was constructively deprived of counsel, in violation of *United States v. Cronic*,[5] a deprivation not cured by the presence of secondary counsel appointed against McFarland's wishes. Second, he claims his trial counsel was deficient under *Strickland v. Washington*[6] for their failure to investigate and prepare for trial and for their failure to test the credibility of the State's key witnesses. Third, he claims that he was denied representation during a police lineup after adversarial proceedings began, in violation of the Sixth Amendment. Fourth, he claims the prosecution suppressed evidence—critical grand jury testimony—in violation of *Brady v. Maryland*.[7]

---

[1] *Buck v. Davis*, 137 S. Ct. 759, 773 (2017); 28 U.S.C. § 2253(c)(1).

[2] 28 U.S.C. § 2253(c)(2).

[3] *Buck*, 137 S. Ct. at 773 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

[4] *Id.* at 774 (quoting *Miller-El*, 537 U.S. at 327).

[5] 466 U.S. 648, 661 (1984).

[6] 466 U.S. 668 (1984).

[7] 373 U.S. 83 (1963).

No. 19-70011

All issues warrant encouragement to proceed. McFarland has made a sufficient showing that jurists of reason could debate the district court's conclusions. Accordingly, a COA is GRANTED. The clerk is DIRECTED to establish a briefing schedule, notify the respondent that a COA has been granted, and include the respondent in the briefing schedule.